UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Criminal Action No. 00-10402-JLT-19 |
| | * | |
| RONALD PINET, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM

May 20, 2013

TAURO, J.

I.  Introduction

Defendant Ronald Pinet ("Pinet") brings a Petition for Writ of Error Coram Nobis [#667]. Pinet seeks to vacate his October 9, 2002 conviction for using a communication facility to facilitate a drug transaction. Pinet relies on the Supreme Court's 2010 decision in Padilla v. Kentucky, and argues that his attorney's and the district court's failure to advise him of the potential immigration consequences of a guilty plea violated his Sixth Amendment right to effective assistance of counsel and Fifth Amendment right to due process. Because Padilla does not apply retroactively, Pinet's petition is DENIED.

II.  Factual Background[1]

Pinet, a Canadian citizen, has resided in the United States as a lawful permanent resident since 1965. On November 9, 2000, Pinet was indicted on one count of using a communication

---

[1] Pinet alleges the following facts in his Memorandum in Support of Defendant's Petition for a Writ of Error of Coram Nobis [#668].

1

facility to facilitate a drug transaction in violation of 21 U.S.C. § 843(b). On October 9, 2002, Pinet pleaded guilty on the advice of his trial counsel. Neither trial counsel nor the court informed Pinet of the immigration consequences of such a plea.

III.  Discussion

    A.  Petitioner's Claim Under the Writ of Error Coram Nobis

Pinet filed this petition for relief under the writ of error coram nobis on April 15, 2011. He seeks to vacate his conviction in order to avoid deportation from the United States.

The writ of error coram nobis is a common-law writ "through which a rendering court, subject to certain conditions, may correct its own judgment on the basis of some patent error affecting the validity or regularity of that judgment."[2] The writ is normally "available only to a criminal defendant who is no longer in custody."[3] Federal courts have the authority to grant the writ of coram nobis pursuant to the All Writs Act (28 U.S.C. § 1651).[4]

    B.  Petitioner's Constitutional Arguments

Pinet argues that his attorney's failure to inform him of the immigration consequences of his guilty plea constitutes ineffective assistance of counsel and warrants relief under the Supreme Court's holding in Padilla v. Kentucky.[9]

---

[2] Trenkler v. United States, 536 F.3d 85, 90 n.2 (1st Cir. 2008).

[3] Id. at 98.

[4] United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001).

[9] 130 S. Ct. 1473 (2010).

In Padilla, the Supreme Court held that trial counsel's failure to advise a criminal defendant of the immigration consequences of a guilty plea may constitute ineffective assistance of counsel.[10] Pinet argues that Padilla applies retroactively to his guilty plea.

After Pinet filed his petition, the Supreme Court held that Padilla does not apply retroactively to decisions that became final before Padilla was decided.[11] Because Pinet's conviction became final before Padilla, he is not entitled to relief under the writ of coram nobis.[12]

IV.   Conclusion

For the foregoing reasons, Defendant Cabezas's Petition for Writ of Error Coram [#667] is DENIED.


AN ORDER HAS ISSUED.

    /s/ Joseph L. Tauro   
United States District Judge

---

[10] 130 S. Ct. at 1483.

[11] Chaidez v. United States, 133 S. Ct. 1103, 1113 (2013).

[12] Pinet's due process argument similarly fails. See, e.g., United States v. Delgado-Ramos, 635 F.3d 1237, 1238-41 (9th Cir. 2011); State v. Ortiz, 44 A.3d 425, 430-31 (N.H. 2012).